# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
Case No. 09-293V
**Filed: November 28, 2016**
**(Not to be published)**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| RACHAEL MCCULLOCH *as parent and legal guardian of* A.M., | * * * | |
| Petitioner, | * | Decision on Damages; |
| v. | * * | Human Papillomavirus Vaccine ("HPV"/"Gardasil"); Autoimmune |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Limbic Encephalitis; Intractable Epilepsy; |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., for petitioner.
Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

On May 11, 2009, Rachael McCulloch ("petitioner") filed a petition for compensation on behalf of her minor child, A.M., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "the Program"). Petitioner alleged that as a result of receiving a Human Papillomavirus ("HPV"/"Gardasil") vaccine on August 16, 2007, A.M. developed a severe neurological injury. On December 7, 2009, petitioner filed an

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B), the disclosure of which would constitute an unwarranted invasion of privacy. Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Amended Petition alleging that the HPV vaccine caused A.M. to develop encephalitis, intractable epilepsy, and subsequent developmental delays.  See Amended Petition at Preamble. The undersigned issued a Ruling on Entitlement finding petitioner entitled to compensation based on an injury caused-in-fact by a covered vaccine on May 22, 2015.

On November 28, 2016, respondent filed a Proffer on an award of compensation, indicating that petitioner has agreed to compensation as follows: $1,055,056.01 for A.M.'s lost earnings; $250,000.00 in actual and projected pain and suffering; $41,216.61 in past unreimbursable expenses; and $58,535.37 to satisfy a State of Florida Medicaid lien.  See Proffer, filed Nov. 28, 2016, at 2-3.

Pursuant to the terms in the attached Proffer, attached hereto as Appendix A, **the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **A lump sum payment of $1,428,188.00, representing compensation for lost earnings ($1,055,056.01), pain and suffering ($250,000.00), and life care expenses for Year One ($123,131.99), in the form of a check payable to petitioner as guardian of A.M. for the benefit of A.M.;**

2. **A lump sum payment of $41,216.61, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner;**

3. **A lump sum payment of $58,535.37, representing compensation for satisfaction of the State of Florida Medicaid lien, payable jointly to petitioner and**

    **Florida Agency for Health Care Administration**
    **Florida Medicaid Casualty Recovery Program**
    **P.O. 12188**
    **Tallahassee, FL 32317-2188**
    **Attn: Marquis Grissom**
    **Case No: 604902**

4. **An amount sufficient to purchase the annuity contract described in section II, paragraph D of the Proffer, paid to the life insurance company from which the annuity will be purchased.**

Proffer at 3-5.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **RACHAEL MCCULLOCH**, parent of **A.M.**, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| **SECRETARY OF HEALTH AND HUMAN SERVICES**, | * |
| | * |
| Respondent. | * |

**No. 09-293V**
SPECIAL MASTER
THOMAS L. GOWEN

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

I.    **Items of Compensation**[1]

A.    Life Care Items

The respondent engaged life care planner, Linda Curtis, RN, MS, CCM, CNCLP, and petitioner engaged Maureen Clancy, RN, BSN, CNLCP, to provide an estimation of A.M.'s future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's Ruling on Entitlement, filed May 22, 2015.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for A.M., attached hereto as Tab A.[2]

---

[1]   Should A.M. die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2]   The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

Respondent proffers that A.M. should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[3]  Petitioner agrees.

B.      Lost Earnings

The parties agree that based upon the evidence of record, A.M. has suffered a loss of earnings in the past and will not be gainfully employed in the future.  Therefore, respondent proffers that A.M. should be awarded full lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Respondent proffers that the appropriate award for A.M.'s lost earnings is $1,055,056.01.  Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that A.M. should be awarded $250,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to A.M.'s vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $41,216.61.  Petitioner agrees.

E.      Medicaid Lien

Respondent proffers that A.M. should be awarded funds to satisfy a State of Florida lien in the amount of $58,535.37, which represents full satisfaction of any right of subrogation,

---

[3] The parties have no objection to the proffered award of damages.  Assuming the Special Master issues a damages decision in conformity with this proffer, the parties intend to waive their right to seek review of such damages decision, recognizing that respondent reserves her right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's May 22, 2015, decision finding petitioner entitled to an award under the Vaccine Act.

assignment, claim, lien, or cause of action the State of Florida may have against any individual

as a result of any Medicaid payments the State of Florida has made to or on behalf of A.M. from

the date of her eligibility for benefits through the date of judgment in this case as a result of her

vaccine-related injury suffered on or about June 8, 2007 and/or August 16, 2007, under Title

XIX of the Social Security Act.

## II.    Form of the Award

The parties recommend that the compensation provided to A.M. should be made through

a combination of lump sum payments and future annuity payments as described below, and

request that the Special Master's decision and the Court's judgment award the following:

A.     A lump sum payment of $1,428,188.00, representing compensation for lost

earnings ($1,055,056.01), pain and suffering ($250,000.00), and life care expenses for Year One

($123,131.99), in the form of a check payable to petitioner as guardian of A.M., for the benefit of

A.M.  Petitioner has been appointed as the guardian of A.M.'s estate under the State law of

Florida.  If petitioner becomes unable or is removed as the guardian of the estate of A.M., any

such payment shall be made to the party or parties appointed by a court of competent jurisdiction

to serve as guardian(s)/conservator(s) of the estate of A.M. upon submission of written

documentation of such appointment to the Secretary.

B.     A lump sum payment of $41,216.61, representing compensation for past

unreimbursable expenses, in the form of a check payable to petitioner.

C.     A lump sum payment of $58,535.37, representing compensation for satisfaction

of the State of Florida Medicaid lien, payable jointly to petitioner and

Florida Agency for Health Care Administration
Florida Medicaid Casualty Recovery Program
P.O. 12188
Tallahassee, FL 32317-2188
Attn: Marquis Grissom
Case No: 604902

Petitioner agrees to endorse this payment to the State of Florida.

D.     An amount sufficient to purchase the annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner as guardian of the estate of A.M., only so long as A.M. is alive at the time a particular payment is

---

[4]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.      Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a six percent (6%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and six percent (6%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.      Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as A.M. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of A.M.'s death.

3.      Guardianship

Petitioner has filed documentation with the Court establishing that she has been appointed as the guardian of A.M.'s estate.  If petitioner becomes unable or is removed as the guardian of the estate of A.M., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.M. upon submission of written documentation of such appointment to the Secretary.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.      Lump sum paid to petitioner as court-appointed
             guardian of A.M.'s estate:          **$ 1,428,188.00**

    B.      Paid to petitioner:          **$    41,216.61**

    C.      Medicaid Lien:          **$    58,535.37**

    D.      An amount sufficient to purchase the annuity contract described
             above in section II. D.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/ Debra A. Filteau Begley
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:  (202) 616-4181

Dated:  November 28, 2016

**Appendix A:  Items of Compensation for A.M.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Years 9-10 | Compensation Years 11-27 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017-2019 | 2020 | 2021 | 2022 | 2023 | 2024-2025 | 2026-2042 |
| BCBS Gold Premium | 6% | | M | 3,436.80 | 3,436.80 | | | | | | |
| BCBS Gold MOP | 6% | | | 4,000.00 | 4,000.00 | | | | | | |
| BCBS FL Premium | 6% | | M | | | 5,017.92 | 5,017.92 | 5,017.92 | 5,017.92 | 5,017.92 | 5,017.92 |
| BCBS FL MOP | 6% | | | | | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| Medicare Part B Premium | 6% | | M | | | | | | | | |
| Medigap | 6% | | M | | | | | | | | |
| Medicare Part D | 6% | | M | | | | | | | | |
| PCP | 6% | * | | | | | | | | | |
| Neurologist | 6% | * | | | | | | | | | |
| Urologist | 6% | * | | | | | | | | | |
| Gastroenterologist | 6% | * | | | | | | | | | |
| Specialists | 6% | * | | | | | | | | | |
| Dentist | 6% | | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | |
| ER | 6% | * | | | | | | | | | |
| Hospitalization | 6% | * | | | | | | | | | |
| MRI | 6% | * | | | | | | | | | |
| X-Rays | 6% | * | | | | | | | | | |
| Diastat | 6% | * | | | | | | | | | |
| Cloazepate Dipotassium | 6% | * | | | | | | | | | |
| Escitalopram Oxalate | 6% | * | | | | | | | | | |
| Vimpat | 6% | * | | | | | | | | | |
| Lamotrigine 200mg | 6% | * | | | | | | | | | |
| Lamotrigine 100mg | 6% | * | | | | | | | | | |
| Topiramate | 6% | * | | | | | | | | | |
| Omeprazole | 6% | * | | | | | | | | | |
| PT | 4% | | | | | | | | | | |
| ST | 4% | | | | | | | | | | |
| Shower Chair | 4% | | | 130.97 | | | 130.97 | | | | |
| Hand Held Shower | 4% | | | 47.53 | | | 47.53 | | | | |
| Grab Bars | 4% | | | 209.79 | | | | | | | |
| WC | 4% | * | | | | | | | | | |
| Incontinence Pants | 4% | | M | 460.67 | 460.67 | 460.67 | 460.67 | 460.67 | 460.67 | 460.67 | |

**Appendix A:  Items of Compensation for A.M.**                              Page 2 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Years 9-10 | Compensation Years 11-27 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017-2019 | 2020 | 2021 | 2022 | 2023 | 2024-2025 | 2026-2042 |
| Chux | 4% | | M | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | |
| Hand Sanitizer | 4% | | | 35.88 | 35.88 | 35.88 | 35.88 | 35.88 | 35.88 | 35.88 | |
| Waterproof Mattress Pad | 4% | | | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | |
| YMCA | 4% | | | | | | | | | | |
| Music Therapy | 4% | | M | 780.00 | 780.00 | 780.00 | | | | | |
| Day Program | 4% | | M | 7,269.60 | 7,269.60 | 7,269.60 | 7,269.60 | 7,269.60 | 7,269.60 | 7,269.60 | |
| Live-in Home Care | 4% | | M | 105,120.00 | 105,120.00 | 105,120.00 | 105,120.00 | 105,120.00 | 105,120.00 | 105,120.00 | |
| Seizure Activity Monitor | 4% | | | 899.00 | | | 899.00 | | | | |
| Intermediate Care Facility | 4% | | M | | | | | | | | 136,875.00 |
| Mileage:  PCP | 4% | | | 4.26 | 4.26 | 4.26 | 4.26 | 4.26 | 4.26 | 4.26 | |
| Mileage:  Neurologist | 4% | | | 6.38 | 6.38 | 6.38 | 6.38 | 4.26 | 4.26 | 4.26 | |
| Mileage:  Urologist | 4% | | | 2.36 | 2.36 | 2.36 | 2.36 | 2.36 | 2.36 | 2.36 | |
| Mileage:  Gastroenterologist | 4% | | | 2.13 | 2.13 | 2.13 | | | 2.13 | | |
| Mileage:  Specialists | 4% | | | | | | | | | | |
| Mileage:  Music Therapy | 4% | | | 366.62 | 366.62 | 366.62 | | | | | |
| Lost Earnings | | | | 1,055,056.01 | | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Past Unreimb. Expenses | | | | 41,216.61 | | | | | | | |
| Medicaid Lien | | | | 58,535.37 | | | | | | | |
| Annual Totals | | | | 1,527,939.98 | 121,844.70 | 121,425.82 | 121,354.57 | 120,274.95 | 120,277.08 | 120,274.95 | 143,892.92 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, as guardian of the estate of A.M., for Year 1 life care expenses ($123,131.99), lost earnings ($1,055,056.01), and pain and suffering ($250,000.00): $1,428,188.00.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for past unreimbursable expenses: $41,216.61.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Florida, as reimbursement of the state's Medicaid lien: $58,535.37.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Appendix A:  Items of Compensation for A.M.**          Page 3 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 28-43 2043-2058 | Compensation Years 44-Life 2059-Life |
|---|---|---|---|---|---|
| BCBS Gold Premium | 6% | | M | | |
| BCBS Gold MOP | 6% | | | | |
| BCBS FL Premium | 6% | | M | | |
| BCBS FL MOP | 6% | | | | |
| Medicare Part B Premium | 6% | | M | 1,461.60 | 1,461.60 |
| Medigap | 6% | | M | 4,488.00 | 2,268.00 |
| Medicare Part D | 6% | | M | 4,241.07 | 4,241.07 |
| PCP | 6% | * | | | |
| Neurologist | 6% | * | | | |
| Urologist | 6% | * | | | |
| Gastroenterologist | 6% | * | | | |
| Specialists | 6% | * | | | |
| Dentist | 6% | | | | |
| ER | 6% | * | | | |
| Hospitalization | 6% | * | | | |
| MRI | 6% | * | | | |
| X-Rays | 6% | * | | | |
| Diastat | 6% | * | | | |
| Cloazepate Dipotassium | 6% | * | | | |
| Escitalopram Oxalate | 6% | * | | | |
| Vimpat | 6% | * | | | |
| Lamotrigine 200mg | 6% | * | | | |
| Lamotrigine 100mg | 6% | * | | | |
| Topiramate | 6% | * | | | |
| Omeprazole | 6% | * | | | |
| PT | 4% | | | | |
| ST | 4% | | | | |
| Shower Chair | 4% | | | | |
| Hand Held Shower | 4% | | | | |
| Grab Bars | 4% | | | | |
| WC | 4% | * | | | |
| Incontinence Pants | 4% | | M | | |

**Appendix A:  Items of Compensation for A.M.**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 28-43 2043-2058 | Compensation Years 44-Life 2059-Life |
|---|---|---|---|---|---|
| Chux | 4% | | M | | |
| Hand Sanitizer | 4% | | | | |
| Waterproof Mattress Pad | 4% | | | | |
| YMCA | 4% | | | | |
| Music Therapy | 4% | | M | | |
| Day Program | 4% | | M | | |
| Live-in Home Care | 4% | | M | | |
| Seizure Activity Monitor | 4% | | | | |
| Intermediate Care Facility | 4% | | M | 136,875.00 | 136,875.00 |
| Mileage:  PCP | 4% | | | | |
| Mileage:  Neurologist | 4% | | | | |
| Mileage:  Urologist | 4% | | | | |
| Mileage:  Gastroenterologist | 4% | | | | |
| Mileage:  Specialists | 4% | | | | |
| Mileage:  Music Therapy | 4% | | | | |
| Lost Earnings | | | | | |
| Pain and Suffering | | | | | |
| Past Unreimb. Expenses | | | | | |
| Medicaid Lien | | | | | |
| Annual Totals | | | | 147,065.67 | 144,845.67 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner, as guardian of the estate of A.M., for Year 1 life care expenses ($123,131.99), lost earnings ($1,055,056.01), and pain and suffering ($250,000.00): $1,428,188.00.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for past unreimbursable expenses: $41,216.61.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Florida, as reimbursement of the state's Medicaid lien: $58,535.37.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.