# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 29, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| RACHAEL MCCULLOCH, as parent and legal guardian of A.M., | * * * | UNPUBLISHED |
| Petitioner, | * * | No. 09-0293V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | Attorneys' Fees and Costs |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Daniel A. Principato, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 10, 2019, Rachael McCulloch ("Petitioner") filed a motion for final attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 202). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs **IN PART** and award a total of **$41,522.79**.

I. **Procedural History**

On May 11, 2009, Rachael McCulloch ("petitioner"), on behalf of her then-minor daughter A.M., filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that A.M. developed a severe neurological injury as a result of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

receiving a human papillomavirus vaccine ("HPV") on August 16, 2007. Petitioner was awarded proffered damages on November 28, 2016, ECF No. 172, and has previously been awarded interim and final attorneys' fees, ECF Nos. 148 & 188.

Following an unsuccessful appeal of Petitioner's first award of final fees, Petitioner filed the instant motion for final attorneys' fees and costs, ECF No. 202, for casework completed since her August 14, 2017 supplemental motion for final fees, ECF No. 185. Petitioner now requests compensation for her attorneys at Conway, Homer, P.C. in the total amount of $41,780.59, representing $39,669.70 in attorneys' fees and $2,110.89 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants that she not personally incurred any costs in pursuit of this litigation. ECF No. 178; Fees App. at 2. Respondent reacted to the fees motion on May 24, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 203). Petitioner did not file a reply. The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests various rates of compensation for the attorneys who worked on her case, predominantly Ms. Christina Ciampolillo, but also Mr. Homer, Mr. Joseph Pepper, and Ms. Meredith Daniels as well as various paralegals and law clerks. Fees App. at 4-11. I have reviewed the requested rates and find them to be largely in conformance with what Conway, Homer, P.C. attorneys and staff have previously been awarded for their work by myself and other special masters. However, I find an adjustment is necessary for Mr. Pepper's 2019 hourly rate.  Petitioner has requested an hourly rate of $331.00 for Mr. Pepper in 2019. However, in accordance with the Office of Special Masters 2019 Fee Schedule, the appropriate hourly rate for Mr. Pepper is $325.00. *See Curri v. Sec'y of Health & Human Servs.*, No. 17-432V, 2019 WL 2636032, at *2-3 (Fed. Cl. Spec. Mstr. May 28, 2019). Accordingly, Petitioner's requested attorneys' fees are reduced by **$7.80.**[4]

Upon review of the submitted billing statement, I find the overall hours spent on this matter to be reasonable. The billing entries appear to accurately reflect the work being performed and the amount of time spent on each task. Respondent has not identified any particular entries as being objectionable, and upon review I do not find any objectionable entries either. Accordingly, Petitioner is awarded attorneys' fees in the amount of **$39,661.90**.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $2,110.89. The requested costs consist of court fees, transcript costs, and travel expenses for attending Oral Argument during the Federal Circuit appeal. Petitioner has provided adequate documentation for these costs which largely appear to be reasonable.  However, I find cause for a reduction of Petitioner's requested costs for her counsel's April 4, 2019 hotel accommodation. Petitioner's counsel has requested reimbursement of $640.78 for one night's stay at the Lafayette Square Sofitel in Washington, DC. Fees App. at 24. Based on my experience, I find this amount concerning. Indeed, Petitioner's counsel was provided several far more reasonably priced and similarly located hotel options when booking their flight.  *See* Fees App. at 19-20 (listing downtown Washington, DC hotels available in the range of $196.00 - $215.00).  For this reason, I find it appropriate to reduce Petitioner's requested costs in the amount of **$250.00**.  Accordingly, Petitioner is awarded attorneys' costs in the amount of **$1,860.89**.

### III.    **Conclusion**

---

[3] OSM Attorneys' Hourly Rate Fee Schedules can be accessed at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Mr. Pepper billed 1.30 hours at the hourly rate of $313.00 in 2019.

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED-IN-PART**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $39,669.70 |
|---|---|
| (Reduction of Fees) | - ($7.80) |
| **Total Attorneys' Fees Awarded** | **$39,661.90** |
| | |
| Attorneys' Costs Requested | $2,110.89 |
| (Reduction of Costs) | - ($250.00) |
| **Total Attorneys' Costs Awarded** | **$1,860.89** |
| | |
| **Total Attorneys' Fees and Costs** | **$41,522.79** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $41,522.79, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Ronald Homer.**[5]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

    **s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).